## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LEANDER BURROWES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 04-0222-CG-M** |
| | ) | |
| **KIMBERLY CLARK CORPORATION** | ) | |
| **PENSION PLAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the court on plaintiff's petition for attorney's fees (Doc. 37),

defendant's opposition thereto (Doc. 39), and plaintiff's reply (Doc. 41).   For the reasons stated

below, the court finds that plaintiff's petition for attorney's fees is due to be denied.

## BACKGROUND

This case involves plaintiff's claims for disability benefits from defendant, Kimberly-

Clark Corporation Pension Plan ("the Plan").  The Plan provides disability benefits to

participants who have a condition "which the Committee determines is permanent" and prevents

them "from engaging in any occupation with his Employer commensurate with his education,

training and experience."  Plaintiff, who worked as a machine operator for Kimberly-Clark,

allegedly began experiencing severe back pain on April 30, 2003.  Plaintiff applied for disability

benefits under the Plan, but was denied. (Denial letter dated June 17, 2003).  The Committee

found that there was insufficient medical information submitted to demonstrate plaintiff's current

level of functional ability or that plaintiff's disability was permanent. (Id.).

Plaintiff appealed the denial of his disability claim and the Committee again denied

1

plaintiff's claim. (Doc. 37, Ex. C: letter dated December 11, 2003).  The Committee noted that on October, 9, 2003, the Social Security Administration approved plaintiff's claim for disability benefits, but found that plaintiff's medical records indicated that plaintiff had not yet reached maximum medical improvement and therefore, that the information was insufficient to determine that plaintiff's disability was permanent as required by the Plan. (Id.).  The Committee's decision was based in part on the notes of  Dr. Voohries who had recommended a posterior 360 lumbar fusion, with estimated recovery time of about three months for return to light office type job and maximum medical improvement generally reached around a year after the date of surgery. (Id.; see also Doc. 39, Ex. G, p. 5).  Plaintiff underwent the lumbar fusion on September 25, 2003. (Id.).  The letter denying plaintiff's appeal stated that plaintiff had exhausted the claims and appeals procedures under the Plan and that he had the right to bring an action under section 502(e) of ERISA. (Id.).  The letter also stated that the Committee procedures will allow plaintiff a one-time special review if he has additional information he believes will affect his claim. (Id.).

On March 8, 2004, plaintiff filed this action in the Circuit Court of Mobile County, Alabama, claiming that defendant, "[i]n a letter dated December 11, 2003, ....arbitrarily and capriciously denied Plaintiff's claim for disability benefits..." (Doc. 1, Ex. 2, ¶ 8; Doc. 12 ¶ 8). This case was removed to this court on April 9, 2004. (Doc. 1).  On March 14, 2005, while this case was pending, plaintiff requested a special review of his claim by the Plan and submitted additional information, including plaintiff's deposition testimony describing the heavy manual labor nature of his job with Kimberly-Clark, a Functional Capacity Evaluation dated October 7, 2005, and Dr. Voohries notes from January 12, 2005. (Doc. 37 - plaintiff's motion for attorney's fees).  Upon review of these materials, the Plan awarded plaintiff retirement disability benefits retroactive to June 2003. (Doc. 37, Ex. E).  Thereafter, plaintiff filed the current motion seeking

2

attorney's fees in the amount of $10,410.00 and expenses in the amount of $1,314.45.

## DISCUSSION

Plaintiff contends that the court should exercise its discretion to award attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1)[1] because the factors set out in National Co. Health Ben. Plan v. St. Joseph's Hosp. of Atlanta, Inc., 929 F.2d 1558, 1575 (11th Cir. 1991), abrogated on other grounds, Geissal v. Moore Medical Corp., 524 U.S. 74 (1998), favor such an award. There are generally five factors that must be satisfied before an award of attorneys' fees is appropriate in an ERISA action:

> 1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

National Co. Health Ben., 929 F.2d at 1575 (citation omitted); see also Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir.1980). The award of attorneys' fees is left to the sound discretion of the district court. Bowen, 624 F.2d at 1266. Unlike some other fee shifting statutes, there is no presumption in ERISA that the prevailing party will receive an award of attorneys' fees. Freeman v. Continental Insurance Co., 996 F.2d 1116, 1119 (11th Cir.1993). No single factor is controlling and the district court must carefully weigh all of the facts and

---

[1] Section 1132(g)(1) states the following:
(g) Attorney's fees and costs; awards in actions involving delinquent contributions
**(1)** In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.
29 U.S.C.A. § 1132

circumstances in deciding whether to make an award of attorneys' fees. Nachwalter v. Christie, 805 F.2d 956, 961-62 (11th Cir.1986).

In this case, plaintiff received benefits under the Plan through a special review by the Committee rather than from a determination by this court that plaintiff was entitled to such benefits. An analysis of some of the five factors listed above requires consideration of the merits of the claims asserted in this action. It is undisputed that in this case an arbitrary and capricious standard would have applied to the Committee's decision.[2] "A decision to deny benefits is arbitrary and capricious if no reasonable basis exists for the decision." Shannon v. Jack Eckerd Corp., 113 F.3d 208, 210 (11th Cir. 1997). "As long as a reasonable basis appears for [the] decision, it must be upheld as not being arbitrary or capricious, even if there is evidence that would support a contrary decision." Jett v. Blue Cross and Blue Shield of Alabama, Inc., 890 F.2d 1137, 1140 (11th Cir. 1989). The reasonableness of the decision should be "based upon the facts as known to the administrator at the time the decision was made." Id. at 1139 (citations omitted).

In this case, there was evidence before the Committee at the time of its December 11, 2003, denial of benefits that indicated that plaintiff had undergone surgery less than two months before and that some improvement in functional ability was possible. The surgeon's notes estimated that after three months plaintiff would be able to return to light office type work and would reach maximum medical improvement generally around a year after the date of surgery.

_____

[2] The "arbitrary and capricious" standard of review is appropriate "when the plan documents at issue explicitly grant the claims administrator discretion to determine eligibility or construe terms of the plan." HCA Health Services of Georgia, Inc. v. Employers Health Ins. Co., 240 F.3d 982, 992 (11th Cir. 2001) (citations omitted). It is also undisputed that there was no conflict of interest as the Plan is self-funded.

4

For an award of benefits, the Plan required that plaintiff be permanently incapable of "engaging in any occupation with his Employer commensurate with his education, training and experience."  The fact that plaintiff had been found to be disabled as defined by the Social Security Act is not determinative, since such a determination does not require that plaintiff's disability be permanent.

Plaintiff had been employed with defendant as a machine operator.  Plaintiff's position as a machine operator with Kimberly-Clark was classified as a medium physical demand-level position. (Doc. 39, Ex. I).  Although plaintiff testified at his deposition that the various jobs he had held with Kimberly-Clark all involved heavy manual labor, that information was not before the Committee at the time of its decision.   Plaintiff argues that this information was available to the Plan at the time of the decision and that Dr. Voohries had opined that "[i]t is generally not possible to engage in heavy manual labor type occupations following an operation of this nature." (Doc. 39, Ex. G, p. 5 ).   However, even if the Committee is deemed to have had knowledge of the requirements of plaintiff's previous jobs, plaintiff has not alleged that there were no other positions at Kimberly-Clark that were commensurate with his education, training and experience that did not require heavy manual labor.  The Plan does not specify that plaintiff return to his same position or that the job consist of the same type of work or be as physically demanding as plaintiff's previous position.  Instead, the Plan appears to state that plaintiff is not totally and permanently disabled if plaintiff's education, training and experience qualify him for a position at Kimberly-Clark which is at the same level as his previous position.  Plaintiff's experience and education may not allow him to take an upper management position, nor would plaintiff be expected to take a low-level mail room job; however, if plaintiff were capable of filling a position which requires  medium physical labor that is commensurate in pay level, total

and permanent disability status would be precluded.   Moreover, the evidence at the time of the

decision does not clearly foreclose the possibility that plaintiff could never engage in heavy

manual labor.   Dr. Voohries merely stated that patients who undergo that type of surgery

generally cannot thereafter engage in heavy manual labor.   All of Dr. Voohries statements

regarding post-operative recovery time and a patient's expected level of recovery are stated in

general language and indicate that they are merely estimates.   For instance, Dr. Voohries states

that "[r]eturn to daily activities is highly variable, but it is sometimes possible to return to the

equivalent of a light office type job at about that time (3 months)." (Doc. 39, Ex. G, p. 5).   Dr.

Voohries indicated that "strengthening continues for about a year or more" and that "maximum

medical improvement is generally reached around a year after the date of surgery." (Id. at p. 5,

6).   At the time of the Committee's decision, less than three months had passed since plaintiff's

surgery and plaintiff had not yet undergone a Functional Capacity Evaluation to determine his

level of functional ability.   As such, the Committee's decision to deny benefits appears to have

been reasonable.

     After considering the merits of plaintiff's claim and reviewing the five factors listed

above, the court finds that an award of attorney's fees and costs are not appropriate here.   Having

found that the decision to deny plaintiff's claim on December 3, 2003, was reasonable, the court

finds there to be no evidence that defendant acted in bad faith.   Thus, factor one, the degree of

the opposing party's culpability or bad faith goes in favor of denying attorney's fees to plaintiff.

Likewise, factor five, the relative merits of the parties' positions also weighs in favor of

defendant.

     There is also no evidence that this litigation will deter other persons since plaintiff

received benefits under the Plan through a special review by the Committee rather than from a

determination by this court that plaintiff was entitled to such benefits.  Moreover, since the court has found that the decision was reasonable, there are no wrongful activities to deter.  Perhaps the Committee's offer of a one-time special review could have more clearly detailed what plaintiff needed to provide to apply for and obtain a favorable decision and indicated that plaintiff might want to wait until he reaches maximum medical improvement.  However, the court does not find that the Committee's vagueness rises to the level that defendant should be penalized by an award of attorney's fees to plaintiff.  Plaintiff asserts that Kimberly-Clark should have held plaintiff's claim in abeyance until such time as the one-year anniversary of his surgery passed.  However, ERISA and the Plan required the Committee to render a determination on plaintiff's appeal within 60 days after it was filed, with the possibility of extending the deadline an additional 60 days if special circumstances arose that required a more extensive review.  The Committee could not have waited until the one-year anniversary of plaintiff's surgery to render a decision.

Factor four also does not weigh in favor of awarding attorney's fees and costs.  Plaintiff's action neither sought, nor provided any benefit to other Plan beneficiaries.  In fact, defendant argues that because the Plan was forced to expend Plan monies defending against this action that the action actually hurt other Plan beneficiaries.  According to defendant, prior to filing this lawsuit, plaintiff should have waited until he reached maximum medical improvement and applied for a special review.

The only factor that weighs in favor of plaintiff is the ability of the Plan to satisfy an award of attorney's fees.  Defendant has not disputed that it has the ability to pay the attorney's fees and costs requested by plaintiff.  However, the court finds that this factor alone is insufficient cause for an award of attorney's fees.  The court in its discretion granted under 29 U.S.C.A. § 1132, declines to award plaintiff attorney's fees and costs.

7

## <u>CONCLUSION</u>

For the reasons stated above, plaintiff's petition for attorney's fees (Doc. 37) is

**DENIED**.

**DONE and ORDERED** this 2nd day of February, 2006.


/s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE